Filed 6/30/14  P. v. Larabee CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075157 |
| Plaintiff and Respondent, | (Super. Ct. No. CM037820) |
| v. | |
| WILLIAM LESTER LARABEE, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant William Lester Larabee, Jr., filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1] (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

We take the facts underlying defendant's offense from the preliminary hearing which, along with the probation officer's report, provided the factual basis for defendant's eventual plea.

On the evening of December 5, 2012, Butte County Sheriff's Deputy Hugh Hooks saw an older model gray Ford driving through a school parking lot, exit the lot without signaling, and turn onto the road at a high rate of speed. The roads were wet and it was very windy.

Deputy Hooks followed the car and saw the driver, later determined to be defendant, make several turns without signaling, including an abrupt turn that nearly caused Hooks to collide with the car. Hooks activated his overhead lights and siren to initiate a traffic stop. Instead of stopping, defendant sped up. Defendant ran a stop sign and stop light, causing other traffic to take evasive maneuvers, and reached speeds of 60 miles per hour in a 25-mile-per-hour zone.

Deputy Hooks continued to pursue defendant and eventually, after turning onto Broadway without signaling, defendant stopped on the side of the road. A second patrol unit arrived and defendant and his passenger were ordered out of the car. Deputies discovered methamphetamine crystals in a baggie on the front area of the car, on the ground outside the passenger door, and in the back seat of the patrol car after defendant was transported to jail. The cell phone in the car was constantly ringing—which Sheriff's Detective Derrick Ament stated was consistent with drug sales.

Defendant was charged with transportation of methamphetamine, evading a peace officer with willful disregard for the safety of others, and possession of methamphetamine for sale. (Health & Saf. Code, §§ 11379, subd. (a), 11378; Veh. Code,

2

§ 2800.2, subd. (a).)  A prior strike conviction, a prior drug conviction, and service of three prior prison terms were also alleged.  (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subd. (b), 667.5, subd. (b); Health & Saf. Code, § 11370.2, subd. (c).)  On May 22, 2013, he pleaded no contest to evading a peace officer, admitted the prior strike conviction and service of two prior prison terms.  The plea was entered with a *Harvey* waiver,[2] and the remaining counts and enhancements were dismissed.

On October 30, 2013, the trial court denied defendant's invitation to strike his prior strike conviction (Pen. Code, § 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497) and sentenced him to the upper term of three years, doubled to six years, plus two one-year terms for the prior prison terms, for a total of eight years in state prison.  The trial court also imposed various fines and fees and awarded defendant 660 days of presentence custody credits.  (Pen. Code, § 4019.)

Defendant appeals.  He did not obtain a certificate of probable cause.  (Pen. Code, § 1237.5.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

                                                             BUTZ            , J.

We concur:

     NICHOLSON     , Acting P. J.

     MURRAY       , J.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.